IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CEDRIC LAMONTE GRAY, <br> No. 28009-077 | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 7:11-CV-161-O-BL |
| UNITED STATES OF AMERICA, | § § § § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Cedric Lamonte Gray's post-conviction challenge under 28 U.S.C. § 2255, filed December 19, 2011. (Doc. 2). Petitioner is currently incarcerated at the Bureau of Prison's Devens FMC unit in Ayer, Massachusetts, and is serving at 150 month sentence. For the reasons stated herein, the Court recommends that Petitioner's § 2255 motion be dismissed.

**I.**

Petitioner pled guilty to one count of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). *United States v. Gray*, No. 7:06-CR-07-O-1, Doc. 1, 18; (Doc. 2). The plea agreement contained a waiver-of-appeal clause, which prohibited Petitioner from challenging his conviction or sentence on direct review or collateral attack under 28 U.S.C. §§ 2241, 2255, except that an appeal could be taken: (1) on direct review challenging a sentence that exceeded the statutory maximum punishment, or an arithmetic error at sentencing, (2) on a challenge to the voluntariness of the guilty plea or the appellate rights waiver in the plea agreement,

and (3) to bring a claim of ineffective assistance of counsel. *Gray*, No. 7:06-CR-07-O-1, Doc. 18. The presentence report attributed a total of 82.28 grams of crack cocaine to Petitioner. (Doc. 12, p. 7). As a result, Petitioner was sentenced at the bottom of the guideline range, to 188 months' incarceration. (Doc. 2); *Gray*, No. 7:06-CR-07-O-1, Doc. 28; *United States v. Gray*, 451 Fed. App'x 432 (5th Cir. 2011). In January 2008, Petitioner filed his first § 2255 motion, in which he argued, *inter alia*, ineffective assistance of counsel because his trial attorney failed to file a notice of appeal as Petitioner directed. *Gray v. United States*, No. 7:08-CV-0006-O, Doc. 12; *Gray*, 451 Fed. App'x 432; (Doc. 2). This motion was granted as to the failure to appeal claim and the other claims were dismissed without prejudice. *Gray v. United States*, No. 7:08-CV-0006-O, Doc. 12. Judgment in Petitioner's criminal case was re-entered to permit the appeal. *Gray*, No. 7:08-CV-0006-O, Doc. 12; *Gray*, 451 Fed. App'x 432; (Doc. 2).

On direct appeal, Petitioner claimed that his sentence should be reduced because of a recently-announced but not yet effective guideline amendment. *United States v. Gray*, No. 10-11117, Appellant's Br. at 2 (5th Cir.). The Fifth Circuit dismissed Petitioner's appeal, concluding that the appeal was "barred by the waiver of appeal rights in [the] plea agreement." *Gray*, 451 Fed. App'x at 434; *see Gray*, No. 7:06-CR- 007-O-1, Doc. 18; (Doc. 2). Petitioner then properly filed this § 2255 motion on December 19, 2011. (Doc. 2).

Petitioner also filed three separate motions to reduce his sentence under 18 U.S.C. § 3582(c)(2). *Gray*, No. 7:06-CR-07-O-1, Doc. 32, 72, 96. The first motion was dismissed, *Gray*, No. 7:06-CR-07-O-1, Doc. 36, the second motion was granted, *Gray*, No. 7:06-CR-07-O-1, Doc. 93, and the third motion is still pending. *Gray*, No. 7:06-CR-07-O-1, Doc. 96. After Petitioner's second § 3582 motion was granted, he was resentenced to 150 months' confinement. *Gray*, No.

7:06-CR-07-O-1, Doc. 93. Petitioner's second § 3582 motion is still on appeal with the Fifth Circuit.

## II.

Petitioner raises two ineffective assistance of counsel claims in the instant § 2255 motion. (Doc. 2, 6). First, that "counsel advised [him] that his sentencing exposure was limited to the [quantity of drugs stated in the] factual resume" and that had Petitioner known this quantity was "incorrect as a matter of law" and unappealable because of plea agreement, he "would not have tendered such [a] plea and insisted upon going to trial." (Doc. 6); (Doc. 2). Second, Petitioner claims that counsel failed to advise him that "he could have moved, prior to sentencing, to withdraw his plea," and that "had he known that withdrawing his plea was a legal option[,] he would have elected" to do so and "insisted upon going to trial." (Doc. 6); (Doc. 2).

## III.

28 U.S.C. § 2255 allows a prisoner to move the convicting court to vacate, set aside, or correct his conviction or sentence on four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (internal marks omitted). When the conviction is a result of a guilty plea, a post-conviction challenge under § 2255 will only be successful "if: (1) the plea was not entered voluntarily or intelligently, . . . or (2) the [prisoner] establishes that he is actually innocent of the underlying crime." *United States v. Sanders*, 157 F.3d 302, 305 (5th Cir. 1998). "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of

justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted); *Unites States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## IV.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). Claims challenging the effectiveness of counsel are actionable under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that petitioner was prejudiced. *Strickland*, 466 U.S. at 687. To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that the representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Porter v. McCollum*, 558 U.S. 30, 38 (2009). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quoting

*Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

To satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were prejudicial to the outcome of the case. *Strickland*, 466 U.S. at 687. "To demonstrate prejudice in the context of a guilty plea, 'the [prisoner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Allen*, 250 Fed. App'x 9, 12 (5th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Instead, a habeas petitioner must make a specific showing "of how [the] alleged errors and omissions were constitutionally deficient, and how they prejudiced his [constitutional] right[s]." *Miller*, 200 F.3d at 282 (quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)); *Hill*, 474 U.S. at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

A challenge to the effectiveness of counsel under 28 U.S.C. § 2255 does not automatically mandate a hearing. *Hughes*, 635 F.2d at 451; *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. An evidentiary hearing is not required as long as the "files and records of a case make manifest the lack of merit" of the petition. *Hughes*, 635 F.2d at 451.

**A.**

Petitioner contends that counsel improperly advised him that his "sentencing exposure was limited to the [drug quantities stipulated to] in the factual resume[,] and that as a matter of law no other allegations could be sustained during sentencing." (Doc. 2, p. 3); (Doc. 6, p. 7); (Doc. 3, p. 1). Petitioner claims that had he known "(a) that the legal conclusion was incorrect as a matter of

law, and (b) unreviewable because of the plea stipulations, [he] would not have tendered such a plea and insisted upon going to trial." (Doc. 2, p. 3-4).

In the factual resume, Petitioner stipulated that he sold "about an ounce of cocaine base" to an undercover officer. *Gray*, No. 7:06-CR-07-O-1, Doc. 16, p. 2. The amount was then analyzed by the Texas Department of Public Safety, which determined that the substance sold to the undercover officer had a net weight of 23.10 grams of cocaine base. *Id*. Nowhere in the factual resume does it appear that Petitioner would be held accountable for *only* 23.10 grams of cocaine base. *See id.* Likewise, the plea agreement does not state that the stipulated quantity in the factual resume is the only amount for which Petitioner could be accountable for. *Gray*, No. 7:06-CR-07-O-1, Doc. 18. In fact, the plea agreement is silent on an exact amount of drugs attributable to Petitioner, other than the minimum quantity required for the charged offense. *Id*.

Yet Petitioner claims that he received "assurances from counsel that the United States was legally bound by the stipulation" in the factual resume. (Doc. 3, p. 1). In the plea agreement, Petitioner agreed that "no one can predict with certainty the outcome of the Court's consideration of the guidelines," and that "the actual sentence imposed . . . is solely in the discretion of the Court." *Gray*, No. 7:06-CR-07-O-1, Doc. 18, p, 3. Petitioner also agreed that his plea was "freely and voluntarily made and is not the result of . . . promises apart from those set forth in [the] plea agreement," and that "there have been no guarantees or promises from anyone as to what sentence the Court [would] impose." *Gray*, No. 7:06-CR-07-O-1, Doc. 18, p. 4. Last, Petitioner agreed that "after conferring with his lawyer, [he] concluded that it is in his best interest to enter into [the] plea agreement and all its terms." *Gray*, No. 7:06-CR-07-O-1, Doc. 18, p. 4.

At his rearraignment, Petitioner indicated that he understood the nature of the charges, understood that he would be waiving certain constitutional rights, and understood that he "should

never depend or rely upon any statement or promise by anyone . . . as to what the penalty will be" in his case. *Gray*, No. 7:06-CR-07-O-1, Doc. 34. Petitioner was also notified that the sentencing "Court is not bound by facts that are stipulated between [Petitioner] and [his] attorney on the one hand, and the government on the other," and that the "Court may impose punishment that might disregard stipulated fact, or take into account facts not mentioned in the stipulations." *Gray*, No. 7:06-CR-07-O-1, Doc. 34. Petitioner also indicated that he was happy with counsel's representation and that no one made any assurances or promises of any kind in order to elicit a guilty plea. *Gray,* 7:06-CR-07-O-1, Doc. 34. Petitioner confirmed that he understood the explanations about sentencing and pled guilty. *Gray,* 7:06-CR-07-O-1, Doc. 34.

To seek habeas relief "on the basis of alleged promise, though inconsistent with representations . . . made in open court when entering [a] guilty plea," a petitioner must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989).

Petitioner freely makes conclusory statements about misleading assurances by counsel but fails to substantiate any of these allegations. Conclusory allegations of ineffective assistance of counsel will not withstand habeas review. Neither will unsubstantiated allegations of false assurances by counsel. Thus, Petitioner's argument that "he believed his deal with the United States precluded a drug quantity finding that exceeded 23.10 grams of cocaine base," (Doc. 3, p. 2), is unfounded and thus, Petitioner fails show that counsel was ineffective under the *Strickland* standard.

**B.**

Without more, Petitioner argues that counsel failed to advise him that "he could have moved, prior to sentencing, to withdraw his plea," and that "had he known that withdrawing his plea was a legal option[,] he would have elected" to do so and proceed to trial. (Doc. 6, p. 7); (Doc. 2, p. 4); (Doc. 3, p. 2). At the core of this issue is Petitioner's belief that he was erroneously held accountable for drug quantities in excess of the 23.10 grams in the factual resume. (Doc. 2, p. 4); (Doc. 3, p. 2); (Doc. 6, p. 7).

"A defendant has no absolute right to withdraw a guilty plea; however, the district court may permit withdrawal before sentencing upon a showing of a fair and just reason." *United States v. Brewer*, 137 F.3d 853, 857-58 (5th Cir. 1998); Fed. R. Crim. P. 11(d)(2)(B); *United States v. Martinez*, 568 Fed. App'x 330 (5th Cir. 2014); *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997); *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007). In assessing whether there is a "fair and just reason" for withdrawing a guilty plea, the district court considers whether: "(1) the defendant has asserted his innocence; (2) withdrawal will prejudice the government; (3) the defendant delayed in filing his withdrawal motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available to a defendant; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources." *Brewer*, 137 F.3d at 857-58; *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984); *United States v. Buholtz*, 562 Fed. App'x 213, 214 (5th Cir. 2014). Additionally, a court considers the totality of the circumstances in deciding whether to allow a defendant to withdraw a guilty plea. *Brewer*, 137 F.3d at 858. "[T]he burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant." *Id*.

"'[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Marbury v. Johnson*, 467 U.S. 504, (1984)). "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621.

Although Petitioner waived certain appellate rights in the plea agreement, his right to raise issues of voluntariness of the guilty plea, validity of the appellate waiver, and ineffective assistance of counsel remain intact. *Gray*, No. 7:06-CR-07-O-1, Doc. 18. At the rearraignment hearing, Petitioner was admonished that the court "may impose punishment that might disregard stipulated fact, or take into account facts not mentioned in the stipulations." *Gray*, No. 7:06-CR-07-O-1, Doc. 34. Petitioner was then advised by the Judge that he "might not be permitted to withdraw [his] guilty plea in such an event." *Gray*, No. 7:06-CR-07-O-1, Doc. 34. The plea agreement also warns that Petitioner "would not be allowed to withdraw his guilty plea if his sentence is higher than expected." *Gray*, No. 7:06-CR-07-O-1, Doc. 18.

Petitioner made no efforts to withdraw his guilty plea prior to sentencing. Moreover, Petitioner does not presently challenge the voluntariness of his plea;[1] he challenges counsel's alleged failure to advise him that he could withdraw his guilty plea prior to sentencing. (Doc. 6, p. 7); (Doc. 2, p. 4); (Doc. 3, p. 2). Even if counsel failed to advise Petitioner that he could withdraw the guilty plea before sentencing, Petitioner was made aware of that fact on at least two occasions. *Gray*, No. 7:06-CR-07-O-1, Doc. 18, 34. Thus, it is unlikely that Petitioner suffered any actual prejudice as a result of any failure to inform on counsel's part. Further, assuming Petitioner would

---

[1] Petitioner did not raise any voluntariness issues on direct review. In the event that Petitioner is attempting to make such a claim in this § 2255 motion, claim is likely procedurally barred. *Bousley*, 523 U.S. at 621 ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

have attempted to withdraw his guilty plea, it is unlikely the belief that he was erroneously being held accountable for drug quantities in excess of the 23.10 grams stipulated to in the factual resume, would constitute "a fair and just reason" to warrant granting a withdrawal.[2]

The record is rife with evidence showing that Petitioner was informed of his option to withdraw the guilty plea before sentencing. There is no evidence indicating Petitioner's plea was uninformed or involuntary. Indeed, Petitioner fails to substantiate any of his contentions. Petitioner's conclusory allegations that counsel was deficient in allegedly failing to advise him of his right to withdraw the guilty plea before sentencing are insufficient to show that counsel's representation fell below an objective standard of reasonableness, and as such, are inadequate to meet *Strickland's* rigorous standard.

## V.

For the foregoing reasons, it is the recommendation of this Court that the Motion to Vacate or Correct Illegal Sentence, brought under 28 U.S.C. § 2255, be **DISMISSED**. The Court also recommends that any pending motions or relief not expressly granted be **DENIED.**

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within **14 days** after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and

---

[2] Judging by the pleadings and facts available to the Court, and taking into account the factors a district court would consider in its determination on whether to grant a withdrawal motion, it does not seem that Petitioner can meet his burden to show a fair and just reason for withdrawing his guilty plea. However, this inference should not be substituted for a district court's ruling on the matter.

recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 17th day of February, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**